J^FITZSIMMONS, Judge.
Amos Williams, Sr. died after surgery at a state operated hospital, Lallie Kemp Regional Medical Center (hospital). Plaintiffs, members of the Williams family, filed a suit for damages claiming medical mal *464 practice. By supplemental and amending petition, plaintiffs added a claim of negligent hiring by the hospital. The trial court denied the hospital’s dilatory exception raising the objection of prematurity to the negligent hiring claim. The hospital appealed the denial of the exception of prematurity. We affirm.
Plaintiffs alleged that the hospital was negligent in hiring the surgeon who performed the operation on Mr. Williams. The hospital asserts that negligent hiring is malpractice, and must first be presented to a medical review panel. See La.R.S. 40:1299.39.1. Thus, the issue is whether the hospital’s alleged negligent hiring of the surgeon meets the applicable definition of medical malpractice.
Malpractice for state services is defined as “the failure to exercise the reasonable standard of care specified and required by Subsection B of this Section, in the provision of health care, when such failure proximately causes injury to a patient. ...” La.R.S. 40:1299.39A(4) (emphasis added).[1] Health care is defined as “any act or treatment which was performed or furnished ... by any person covered. by this Part for, to, or on behalf of, a patient during the medical care, treatment or confinement of the patient.” La.R.S. 40:1299.39A(6) (emphasis added).
In this case, the alleged negligent hiring of the surgeon by the hospital was an independent, non-medical act that pre-dat-ed the surgical admission. The hiring or employment of the surgeon does not constitute “health care” by the hospital “during the medical care, treatment or confinement of the patient,” Mr. Williams. Garnica v. Louisiana State University Medical Center, 99-0113, pp. 3-8 (La.App. 4 Cir. 9/8/99), 744 So.2d 156, 158-160, writ denied, 99-2859 (La.12/17/99), 751 So.2d 879; cf. Armand v. State, Department of Health and Human Resources, 97-2958, p. 9 (La.App. 1 Cir. 2/23/99), 729 So.2d 1085, 1089 (when hospital actions involve treatment of a patient, the actions fall within the definition of medical malpractice) (Fitzsimmons, |3J., dissented on another issue, the sufficiency of the proof of negligence), writ denied, 99-0842 (La.5/14/99), 741 So.2d 661. Therefore, we find that the claim of negligent hiring, as alleged in this case, is not covered by the Malpractice Liability for State Services Act. We affirm the judgment. The costs of the appeal, $2,220.58, are assessed to defendant, State of Louisiana, Lallie Kemp Regional Medical Center.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
PARRO, J., dissents and assigns reasons.

. Subsection B refers to the standard of care set out in La.R.S. 9:2794.